UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
                                                                                :
SYRUP ASSOCIATES, INC. and BARN                                                 :
REDEVELOPMENT ASSOCIATES, INC.                                                  :   Index No.
                                                                                :
                            Plaintiffs,                                         :
                                                                                :
                v.                                                              :   **COMPLAINT**
                                                                                :
COASTAL DEVELOPMENT MASSACHUSETTS, LLC,                                         :
RICHARD T. FIELDS, and STERLING RACECOURSE, INC.,                               :
                                                                                :
                            Defendants.                                         :
                                                                                :
------------------------------------------------------------------------------- x

Plaintiffs Syrup Associates, Inc. and Barn Redevelopment Associates Inc., by and through their attorneys, as and for their Complaint against defendants Coastal Development Massachusetts, LLC, Richard T. Fields and Sterling Racecourse, Inc., hereby allege as follows:

## INTRODUCTION

1. Plaintiffs Syrup Associates, LLC ("Syrup") and Barn Redevelopment Associates LLC ("Barn") seek to recover for: (a) breach of contract against defendant Coastal Development Massachusetts, LLC ("Coastal") and (b) breach of guaranty against defendants Richard T. Fields and Sterling Racecourse, Inc. (together, the "Guarantors"). The action arises out of two Put Option Agreements whereby in 2014, Coastal granted Syrup and Barn the right and option (together, the "Put Options") (i) to sell to Coastal, and (ii) to require Coastal to purchase, contingent payment rights (the "CPRs") for $2.5 million and $3 million, respectively. In 2015, Syrup and Barn each exercised its Put Option, but to date, Coastal has made no payment to either plaintiff.

## PARTIES

2. Plaintiff Syrup (formerly Syrup Associates, LLC) is a Nevada corporation with its principal place of business in the State of Connecticut.

3. Plaintiff Barn (formerly Barn Redevelopment Associates, LLC) is a Nevada corporation with its principal place of business in the State of Connecticut.

4. Upon information and belief, defendant Coastal is a Delaware limited liability company whose sole member domiciles in the State of Florida.

5. Richard T. Fields ("Fields") is a natural person who, upon information and belief, domiciles in the State of Florida.

6. Upon information and belief, Sterling Racecourse, Inc. ("Sterling") is a Massachusetts corporation with its principal place of business in the State of Florida.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this third-party action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States.

11. This Court has personal jurisdiction over defendants pursuant to New York's long-arm jurisdiction statutes, CPLR 301 and 302, and by consent of the parties.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and transactions at issue occurred in this District, and by consent of the parties.

## BACKGROUND

13. On or around June 2, 2014, Syrup entered into a Put Option Agreement (the "Syrup Agreement") with Coastal and the Guarantors whereby: (a) Coastal granted Syrup the right to liquidate certain CPRs (purchased from Coastal on the same date) at its election by re-selling them to Coastal subject to the terms and conditions of the Syrup Agreement; and (b) the Guarantors agreed to jointly and severally guaranty Coastal's payment obligation thereunder. The Put Option's exercise price was $2.5 million, plus interest at a rate of 25% per annum from the date of the Syrup Agreement through the date of the closing of the exercise of the Put Option. (A copy of

the Syrup Agreement, as amended, is annexed hereto as Exhibit A.)

14. On or around June 10, 2014, Barn entered into a Put Option Agreement (the "Barn Agreement" and, together with the Syrup Agreement, the "Agreements") with Coastal and the Guarantors on the same terms as in the Syrup Agreement, except the Put Option's exercise price was $3.0 million. (A copy of the Barn Agreement is annexed hereto as Exhibit B.)

15. On May 28, 2015, Syrup timely exercised its Put Option under the Syrup Agreement. (A copy of Syrup's Notice of Exercise is annexed hereto as Exhibit C.)

16. On June 10, 2016, Barn timely exercised its Put Option under the Barn Agreement. (A copy of the Barn's Notice of Exercise is annexed hereto as Exhibit D.)

17. On or around January 11, 2016, all of the parties hereto, and others, entered into a Note Purchase and Sale Agreement. (A copy of the Note Purchase and Sale Agreement is annexed hereto as Exhibit E.) Section 5(b) thereof provides as follows:

> The Releasing Parties [including Coastal, Fields and Sterling] acknowledge and agree that the outstanding amounts owed to the Releasees listed on Schedule A [including Syrup and Barns] are (i) amounts payable to the creditor as loan payments, in connection with payments, put rights and option exercises, expense reimbursements, and other returns of such creditor or investor capital together with compensation for the use of such capital, (ii) the true and correct amounts of such obligations, due and owing as of the date hereof without defense or offset of any kind, and (iii) <u>to the extent that such amounts owed relate to put options, such put options were validly and timely exercised, and the amounts owed as a result of the timely exercise of such options are the true and correct amounts of such obligations, due and owing as of the date hereof without defense or offset of any kind</u>.

(Emphasis added.)

19. Schedule A thereto lists, *inter alia*, the following Put Options:

| Date | Rate (%) | Obligor | Creditor | Transaction | Original Principal Balance | Claim Amount |
|---|---|---|---|---|---|---|
| 5/31/14 | 25 | Coastal | Syrup | Put Option Agreement dated June 2, 2014 | $2,500,000 | $3,524,305.56 |
| 6/10/14 | 25 | Coastal | Barn | Put Option Agreement dated June 10, 2014 | $3,000,000 | $4,208,333.33 |

20. To date, Coastal has made no payment on either of the foregoing amounts, and interest has continued to accrue on both outstanding amounts at 25% per annum. Such amounts are therefore due and owing by Coastal and each of the Guarantors.

21. In addition, both Syrup and Barn have already incurred, and by this action shall continue to incur, expenses of enforcement of the Put Options and the Agreements, including, without limitation, attorney's fees and disbursements, and court fees. Under Section 7 of each of the Agreements, attorney's fees, disbursements, and court fees are reimbursable by Coastal and each of the Guarantors, jointly and severally. Such amounts are therefore also due and owing by Coastal and each of the Guarantors.

22. Under Section 3 of each of the Agreements, each Guarantor "waives notice of acceptance of this guaranty, and, with respect to this Agreement, diligence, presentment, demand of payment, filing of claims with a court in the event of bankruptcy of Grantor or any other person, any right to require a proceeding or the filing of a claim first against Grantor, any other guarantor, any other person, or any collateral security for any of the Obligations, protest, notice of default, dishonor or nonpayment and any other notice and all demands whatsoever; and each Guarantor covenants that this guarantee will not be discharged except by collection and final payment of all Obligations."

23. Under Section 8 of the Syrup and Barn Agreements, the Agreements are to be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of law principles, and Coastal has irrevocably consented to the jurisdiction, including personal jurisdiction, of the Courts of the State of New York, County of New York, and of any federal court located in the Southern District of New York in connection with any action or proceeding arising out of or relating to the Agreements.

## FIRST CAUSE OF ACTION
## (BREACH OF SYRUP AGREEMENT BY COASTAL)

24. Syrup repeats and realleges each and every one of the allegations contained in the foregoing as though fully set forth herein.

25. Syrup and Coastal entered into a valid written contract in the form of the Syrup Agreement.

26. Pursuant to the Syrup Agreement, Syrup made a valid and timely written exercise of its Put Option, for which $2,500,000, plus interest at 25% per annum from the date of the Syrup Agreement, plus attorney's fees, disbursements, and court fees, is due by Coastal.

27. Coastal has not paid any of those amounts.

28. Coastal's failure to pay those amounts constitutes a breach of the Syrup Agreement.

29. Coastal's breach is material.

30. Syrup has been harmed thereby in the amount of $2,500,000, plus interest at 25% per annum from the date of the Syrup Agreement, plus its attorney's fees, disbursements, and court fees in connection with this action and enforcement of the Put Option and the Syrup Agreement.

## SECOND CAUSE OF ACTION
## (BREACH OF BARN AGREEMENT BY COASTAL)

31. Barn repeats and realleges each and every one of the allegations contained in the foregoing paragraphs as though fully set forth herein.

32. Barn and Coastal entered into a valid written contract in the form of the Barn Agreement.

33. Pursuant to the Barn Agreement, Barn made a valid and timely written exercise of its Put Option, for which $3,000,000, plus interest at 25% per annum from the date of the Barn Agreement, plus attorney's fees, disbursements, and court fees, is due by Coastal.

34. Coastal has not paid any of those amounts.

35. Coastal's failure to pay those amounts constitutes a breach of the Barn Agreement.

36. Coastal's breach is material.

37. Barn has been harmed thereby in the amount of $3,000,000, plus interest at 25% per annum from the date of the Barn Agreement, plus its attorney's fees, disbursements, and court fees in connection with this action and enforcement of the Put Option and the Barn Agreement.

### THIRD CAUSE OF ACTION
### (BREACH OF SYRUP AGREEMENT BY GUARANTORS)

38. Syrup repeats and realleges each and every one of the allegations contained in the foregoing paragraphs as though fully set forth herein.

39. Syrup and the Guarantors entered into a valid written contract in the form of the Syrup Agreement.

40. Under the Syrup Agreement, "[e]ach Guarantor, jointly and severally, absolutely, unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, the obligations of [Coastal] under and pursuant to this Agreement, including, without limitation, the full and timely payment of the Exercise Price."

41. Neither of the Guarantors have made good on their guaranties by paying the amounts due by Coastal under the Syrup Agreement.

42. The Guarantors' failure to pay those amounts constitutes a breach of the Syrup Agreement.

43. The Guarantors' breach is material.

44. Syrup has been harmed thereby in the amount of $2,500,000, plus interest at 25% per annum from the date of the Syrup Agreement, plus its attorney's fees, disbursements, and court fees in connection with this action and enforcement of the Put Option and the Syrup Agreement.

## FOURTH CAUSE OF ACTION
## (BREACH OF BARN AGREEMENT BY GUARANTORS)

45. Barn repeats and realleges each and every one of the allegations contained in the foregoing paragraphs as though fully set forth herein.

46. Barn and the Guarantors entered into a valid written contract in the form of the Barn Agreement.

47. Under the Barn Agreement, "[e]ach Guarantor, jointly and severally, absolutely, unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, the obligations of [Coastal] under and pursuant to this Agreement, including, without limitation, the full and timely payment of the Exercise Price."

48. Neither of the Guarantors have made good on their guaranties by paying the amounts due by Coastal under the Barn Agreement.

49. The Guarantors' failure to pay those amounts constitutes a breach of the Syrup Agreement.

50. The Guarantors' breach is material.

51. Barn has been harmed thereby in the amount of $3,000,000, plus interest at 25% per annum from the date of the Barn Agreement, plus its attorney's fees, disbursements, and court fees in connection with this action and enforcement of the Put Option and the Barn Agreement.

-8-

## **PRAYER FOR RELIEF**

WHEREFORE, Syrup and Barn each respectfully requests a monetary judgment in the amount of its respective damages as set forth above, and such other and further relief as this Court may deem just and proper.

Dated: September 6, 2018
New York, New York

                                                KELLEY DRYE & WARREN LLP

                                                */s/ John Dellaportas*
                                                _____
                                                   John Dellaportas
                                                101 Park Avenue
                                                New York, New York 10178
                                                (212) 808-7800
                                                *Attorneys for Plaintiffs*