UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SYRUP ASSOCIATES, INC. and BARN
REDEVELOPMENT ASSOCIATES, INC.             Index No. 18-CV-08133 -JPO-OTW

            Plaintiffs,

   -against-

COASTAL DEVELOPMENT
MASSACHUSETTS, LLC, RICHARD T.
FIELDS, and STERLING RACECOUERSE,
INC.,

            Defendants.
---------------------------------------------------------------x

# **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**STORCH AMINI PC**
**2 Grand Central Tower**
**140 East 45th Street, 25th Floor**
**New York, New York, 10017**
**(212) 490-4100**
*Attorneys for Defendants*

1

Defendants Coastal Development Massachusetts, LLC, Richard T. Fields, and Sterling Racecourse, Inc., respectfully submit this Memorandum of Law in support of their motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss this action for lack of subject matter jurisdiction.  For the Court's convenience, copy of the complaint ("Complaint") together with its own exhibits A through D is submitted herewith as Exhibit 1 to the Declaration of John W. Brewer dated September 28, 2018 ("Brewer Decl.")

## PRELIMINARY STATEMENT

The grounds for jurisdictional dismissal here are straightforward.  On the eve of the filing of this lawsuit, both plaintiff entities switched their form of business organization from limited liability company to corporation, and simultaneously switched the state under whose laws they were organized from Delaware to Nevada.  There appears to be no legitimate business reason for this change.  Rather, the inference is overwhelming that it was done solely to manufacture a basis for diversity jurisdiction.  But under 28 U.S.C. § 1359, as authoritatively construed by the Second Circuit, jurisdiction in federal court does not exist when a plaintiff business entity's new "citizenship" has been manufactured for no reason other than to create a pretext for invoking diversity jurisdiction.

## RELEVANT FACTS

Subject matter jurisdiction in this action is alleged to be based solely on diversity of citizenship (Complaint ¶ 10), with the plaintiff entities alleged to be Nevada corporations with principal places of business in Connecticut.  Complaint ¶¶ 2, 3.  But the complaint and its supporting documents concede that at the time of all relevant events (both the formation of the alleged contracts and the alleged defaults thereunder) the plaintiffs (or their alleged predecessors

in interest) were Delaware limited liability companies.  Complaint ¶¶ 2, 3, Exh. A at 1 (2014 contract identifying plaintiff Syrup Associates as Delaware LLC), Exh. B at 1 (2014 identifying plaintiff Bart Redevelopment Associates as Delaware LLC), Exh. C at 1 (2015 payment demand identifying plaintiff Syrup Associates as LLC), Exh. D at 1 (2015 payment demand identifying plaintiff Barn Redevelopment Associates as LLC).

Public records available from the website of the Nevada Secretary of State show that plaintiff Syrup Associates Inc. was not incorporated in Nevada until on or about August 21, 2018, barely two weeks before this action was filed on September 6, 2018.  Brewer Decl. Exh. 2.  And public records from the same source show plaintiff Barn Redevelopment Associates Inc. as having been incorporated in Nevada on or about August 15, 2018.  Brewer Decl. Exh. 3.[1]  Public records available from the State of Delaware show both predecessor Delaware LLC's being "converted" to out-of-state entities on August 14, 2018.   Brewer Decl. Exhs. 4 & 5.

### ARGUMENT

The leading Second Circuit precedent applying 28 U.S.C. § 1359 is *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469 (2d Cir. 1976).  In *Prudential*, a potential plaintiff corporation that could not have sued in federal court due to lack of diversity created a new subsidiary incorporated in a different jurisdiction (diverse from the defendants) and assigned its litigation claims to the subsidiary, which then filed suit claiming diversity jurisdiction.  The Second Circuit, applying *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823 (1969) broadly, held

---

[1] While the underlying transactional documents (Complaint Exhs. A through D) give a Charlottesville, Virginia mailing address for the predecessor LLC's, the Nevada documents filed last month (Brewer Decl. Exhs. 2 & 3) give a New Canaan, Connecticut mailing address for the sole disclosed officer or director of both plaintiff entities.

that there was no subject matter jurisdiction because the assignment had no legitimate business purpose other than to manufacture diversity jurisdiction. *Prudential* held (546 F.2d at 475) that "Section 1359 should . . . be construed broadly to bar any improper attempt to create federal diversity jurisdiction," and reaffirmed the negative view previously expressed in *O'Brien v. Avco Corp.*, 425 F.2d 1030, 1033 (2d Cir. 1969) toward litigants "who seek to invoke federal jurisdiction through sham transactions."

Given that the assignment of the claim was to a related party rather than at arms-length, the *Prudential* court held that it was the plaintiff's burden to rebut the presumption that the change of citizenship should be disregarded for diversity purposes. 546 F.2d at 476 (plaintiff "may rebut or meet the presumption by offering evidence that the transfer was made for a legitimate business purpose unconnected with the creation of diversity jurisdiction"). "[S]imply offering evidence of a business reason will be insufficient to rebut the presumption. Instead, the burden falls on the party asserting diversity to demonstrate that the reason given for the assignment is legitimate, not pretextual." *Airlines Reporting Corp. v. S and N Travel Inc.*, 58 F.3d 857, 863 (2d Cir. 1995).

*Airlines Reporting*, 58 F.3d at 863, also emphasized that Prudential's "presumption of collusion" was not limited to a parent-subsidiary situation but could apply to a wide range of fact patterns that "necessarily present[ed] the opportunity for the collusive manufacture of jurisdiction, thereby frustrating the goals of section 1359." Just as importantly, the language of section 1359 makes clear that it applies (emphasis added) to transactions aimed at manufacturing jurisdiction "by assignment *or otherwise*," including a tactically-motivated change of state of incorporation. In *Toste Farm Corp. v. Hadbury Inc.*, 70 F.3d 640 (1st Cir. 1995), for example, the court held that the merger of a (non-diverse) Rhode Island corporation into a (diverse) New

4

York shell corporation, with the surviving New York entity then being the federal-court plaintiff, should be disregarded under section 1359. Because the pre-merger Rhode Island corporation that had possessed the cause of action could not have sued in federal court due to lack of diversity, the successor New York corporation could not sue either.

The same principle has been recognized in this District in *Piermont Heights, Inc. v. Dorfman*, 820 F. Supp. 99 (S.D.N.Y. 1993), which held that the Second Circuit's rule in *Prudential* applied to a situation in which a (non-diverse) New York corporation changed its state of incorporation to (diverse) Virginia. In that case, Chief Judge Griesa ultimately held that diversity jurisdiction did exist, because plaintiff had successfully rebutted the *Prudential* presumption by establishing a legitimate business reason for the change unrelated to manufacturing diversity jurisdiction. Specifically, the plaintiff corporation's principal had moved his own personal residence from New York to Virginia, had changed the corporation's state of incorporation to match his own new state of residence, and intended to engage in future business ventures in Virginia. None of those factors are present here.

Indeed, the inference on the existing record that the plaintiffs' eve-of-litigation change of status from Delaware LLC to Nevada corporation had no independent business purpose, but was motivated by the desire to manufacture diversity jurisdiction is overwhelming. While the record suggests a possible change in plaintiffs' "principal place of business" from Virginia to Connecticut between 2015 and 2018, that provides no plausible motive to change the entities' state of organization from Delaware to Nevada. Nor does the record suggest any motive to change from LLC status to corporate status.[2] Moreover, like the entities in *Prudential* and *Toste*

---

[2] Because a corporation will be deemed a citizen of at most two states (its state of incorporation and its principal place of business) while an LLC will be deemed a citizen of as many different

5

(and unlike the corporation in *Piermont Heights*), the plaintiff entities here appear to have no ongoing business plans other than pursuing these claims – they were both established as shells, or, phrased more politely, single-purpose entities, solely to carry out the specific one-time financing transactions that have now given rise to the claims.  *Compare* Complaint Exhs. A & B (contracts dated as of June 2, 2014 with predecessor Delaware LLC's) *with* Brewer Decl. Exhs. 4 & 5 (Delaware public records showing those predecessor Delaware LLC's were formed on May 29, 2014 and June 2, 2014).

Of course, the identity (and citizenship) of the members of a Delaware LLC is not a matter of public record, and the identity (and citizenship) of the pre-conversion members of the predecessor LLC's is not at present known to defendants.  That said, the suspicious timing of the conversion to Nevada corporations gives rise to a more than reasonable inference that the Delaware LLC's would not have been able to invoke diversity jurisdiction had they sued the defendants directly.  More importantly, had the Delaware LLCs sued the defendants in this Court, it would have been their burden to plead and prove the facts evidencing complete diversity.  *See*, *e.g*., section 3.I of this Court's Individual Practices (requiring party asserting existence of diversity jurisdiction to send letter to Court before initial conference giving the citizenship of all members of a party which is an LLC).  Since section 1359 requires the Court to look past the current nominal citizenship of the corporate plaintiffs to assess the citizenship of

---

states as its members are citizens of (potentially quite a large number), *Handelsman v. Bedford Village Assoc's L.P*., 213 F.3d 48 (2d Cir. 2000), it is often more difficult to establish diversity jurisdiction when an LLC is a party, often making a corporation the preferable type of entity if one were focused on tactical litigation considerations rather than, for example, favorable tax treatment or administrative convenience.

the predecessor LLC's, plaintiffs' failure to affirmatively allege facts about the citizenship of the predecessor LLC's that, if true, would establish complete diversity itself requires dismissal.

At a bare minimum, on the existing record the burden is on plaintiffs to put forth evidence of a legitimate business motive for reincorporating in Nevada, in order to rebut the *Prudential* presumption that the Nevada corporate form should be disregarded under Section 1359.

## CONCLUSION

For the foregoing reasons, this action should be dismissed for lack of jurisdiction.

Dated:     New York, New York          STORCH AMINI PC
           September 28, 2018
                                       By:     /s/ John W. Brewer

                                       Steven G. Storch (sstorch@storchamini.com)
                                       John W. Brewer (jbrewer@storchamini.com)
                                       2 Grand Central Tower
                                       140 East 45th Street, 25th Floor
                                       New York, New York 10017
                                       Tel:  (212) 490-4100
                                       Fax: (212) 490-4208

                                       *Attorneys for Defendants*