# STORCH AMINI PC

**John W. Brewer**
MEMBER NY BAR

212.497.8238
jbrewer@storchamini.com

November 4, 2018

**VIA ECF**

The Hon. J. Paul Oetken
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> RE:   *Syrup Associates, Inc. et al. v. Coastal Development Massachusetts, LLC et al.*,
> Case No. 18-cv-08133

Dear Judge Oetken:

We represent the defendants in the above-referenced action. I write to address the issues raised by plaintiff's letter motion of Friday, November 2, 2018 (Doc. No. 24). Plaintiffs are hoping to moot defendants' fully-briefed 12(b)(1) motion (Doc. Nos. 12, 13, 14, 18, and 19), which shows that plaintiffs have failed to establish the existence of diversity jurisdiction, by getting the Court's permission to do two different things. First, plaintiffs wish to amend their complaint to change their jurisdictional allegations regarding defendants, despite having failed to do so within the 21-day time limit contemplated by paragraph D(ii) of this Court's Individual Practices. Second, plaintiffs wish to submit an additional declaration from their president Mr. Genger that could have been included with their original opposition papers filed on October 12, 2018, but was not. As will be explained below, while defendants do not object to plaintiffs amending their complaint to replace inaccurate allegations about the defendants' citizenship with more plausible ones, Mr. Genger's new declaration is insufficient to moot the pending motion, and in any event would not obviate the need for further jurisdictional discovery regarding plaintiffs' citizenship before this Court would be able to determine whether the existence of complete diversity of citizenship has been actually proven rather than merely alleged.

### Belatedly-Changed Allegations About Defendants' Citizenship

Plaintiffs wish to change their allegation that defendant Sterling Racecourse, Inc. is a Massachusetts corporation with its principal place of business in Florida to instead allege that its principal place of business is in New York. This is based on information from the public website of the Massachusetts Secretary of State, a printout from which is Exhibit C to plaintiffs' letter. But that website would have given them the exact same information had they consulted it before

they filed the complaint, and they do not explain why they apparently failed to do so. That said, the information on that website is accurate, and if the Court is willing to allow plaintiffs to amend in this regard at this time, defendants do not object

Plaintiffs also wish to change their allegation that defendant Richard Fields is a citizen of Florida to an allegation that he was, as of the September 6, 2018 filing date of the action, a citizen of Wyoming, and their related allegation that Coastal Development Massachusetts, LLC (of which Mr. Fields is the ultimate beneficial owner) is, for diversity jurisdiction purposes, a citizen of Florida to an allegation that it is, for diversity jurisdiction purposes, a citizen of Delaware and Wyoming. But as the filing attached as exhibit E to plaintiffs' letter (filed in the related *McArthur I* litigation brought by one of plaintiffs' affiliates against Mr. Fields in New York County Supreme Court) makes clear, it was a matter of public record that Mr. Fields had filed three separate lawsuits between January 2015 and April 2018 in which he had consistently taken the position that he was a citizen of Wyoming. Plaintiffs, on information and belief, were specifically aware of at least some if not all of those lawsuits before they filed this action in this Court, and have no one to blame but themselves if they did not review those pleadings.

It is also disingenuous of plaintiffs to neglect to inform the Court that their affiliate, the plaintiff in *McArthur I*, refused to accept the testimony by Mr. Fields that they now wish to rely on in this action, and indeed that their president Mr. Genger took the stand after Mr. Fields had testified to testify for the *McArthur I* plaintiff about his own continuing belief that Mr. Fields is domiciled in Florida. Justice Crane apparently found Mr. Genger's testimony unpersuasive. Again, that said, if the Court is willing to allow plaintiffs to amend in this regard at this time, defendants do not object.[1]

## Belatedly-Offered Declaration Allegedly Relevant to Plaintiffs' Citizenship

As of the filing date, Plaintiffs claim to have been Nevada corporations with principal places of business in Connecticut. The whole thrust of defendants' fully-briefed 12(b)(1) action is that under the applicable case law and on the existing record, the plaintiffs' suspiciously-timed and apparently jurisdiction-manufacturing conversion to corporate form mere weeks before filing the action are to be disregarded for jurisdictional purposes, and the plaintiffs' citizenship as of the filing date thus assessed as if they had remained Delaware LLC's. In other words, they are to be deemed citizens of all states of which any of their members/shareholders were citizens as of the filing date. Plaintiffs could have tried to show that that entire issue was moot by submitting evidence with their opposition papers that complete diversity would exist even if the plaintiffs were deemed as of the filing date to be citizens of all such states. They declined to submit any such evidence, apparently because at least one member/shareholder is a citizen of Florida and

---

[1] Mr. Fields was in the process of changing his legal domicile, and thus his citizenship for diversity purposes, from Wyoming to New York during September of this year, but whether that transition had or had not been completed by the filing date appears to be immaterial to the plaintiffs' claims regarding diversity of citizenship.

they had not yet abandoned their inaccurate allegations that the defendants were citizens of Florida.

But Mr. Genger's belatedly-offered declaration, not yet tested by deposition or any other jurisdictional discovery, is insufficient on its face because, among other things, it speaks to the wrong issue as of the wrong date. It speaks not as of the filing date but as of the conversion date(s) several weeks earlier, leaving open the possibility of either changes of ownership or changes in owners' citizenship during that interim period. And it does not make any claims about citizenship but only about domicile. Domicile is equivalent to state citizenship only for natural persons who are U.S. citizens domiciled in the U.S. Corporations are of course deemed citizens for diversity-jurisdiction purposes both of their domicile and of their state of principal place of business. And the domicile of other entities, such as limited partnerships and LLC's, is completely irrelevant for jurisdictional purposes. For example, a Delaware LLC whose members are citizens of Maryland and New Jersey will be deemed for jurisdictional purposes a citizen of both of those states, but not of Delaware.

The documents submitted as Exhibit A to Mr. Genger's prior declaration (Doc. No. 16) indicate that the plaintiffs' members as of last June, when they were still LLC's, included several LLC's, at least one limited partnership, and at least one trust. (Determining the citizenship of a trust for diversity-jurisdiction purposes can be especially complex, and may depend on which state's law governs the trust, as the Supreme Court noted in *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S.Ct. 1012 (2016)). There is no reason to assume that Mr. Genger even knows the identities, much less the citizenships as of the filing date, of each of the underlying partners, members, co-trustees, and/or trust beneficiaries of the various members/shareholders of the plaintiff entities that are neither natural persons nor corporations. His declaration does not claim he possesses that knowledge. And because none of that information is generally available in the public record, defendants are unable to either confirm or challenge Mr. Genger's assertions (even if he had asserted the relevant facts as of the relevant date, which he did not) without jurisdictional discovery.

If plaintiffs sought leave to amend their complaint not only to change their allegations about defendants' citizenship but to allege the citizenships, as of the filing date, of all of their members/shareholders, such an amendment could (if none of those citizenships overlapped with the defendants) suffice to establish complete diversity as alleged on the face of the pleadings, which in turn might moot defendants' pending 12(b)(1) motion, subject to renewal after appropriate jurisdictional discovery. But their letter does not appear to seek leave to amend to make that allegation.

We are happy to proceed however the Court may think most expeditious, in order to allow the Court to adjudicate whether or not it is the right forum for this lawsuit as promptly as possible. As noted in the separate letter-motion regarding plaintiffs' premature summary judgment motion that I will be submitting shortly, we are available for a conference if the Court thinks that would be beneficial.

The Hon. J. Paul Oetken
November 4, 2018
Page 4

Respectfully submitted,

John W. Brewer

Cc: Counsel of Record (via ECF)